UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

STEVEN M TAUBER, individually, and on behalf of all others similarly situated,

*Plaintiff,*

v.

HUMANA MEDICAL PLAN INC., a Florida corporation,

*Defendant.*

NO.

**CLASS ACTION COMPLAINT**

**JURY DEMAND**

**CLASS ACTION COMPLAINT**

Plaintiff Steven M Tauber ("Plaintiff" or "Tauber") brings this Class Action Complaint and Demand for Jury Trial against Defendant Humana Medical Plan, Inc. ("Defendant" or "Humana") to stop Humana from violating the Telephone Consumer Protection Act by making pre-recorded and other telemarketing calls to consumers *without their consent*, including pre-recorded telemarketing calls to consumers who expressly requested for the calls to stop. Plaintiff Tauber, for this Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**PARTIES**

1. Plaintiff Steven M. Tauber is a resident of Boynton Beach, Florida.

2. Defendant Humana is a Florida corporation with their principal place of business at Miramar, Florida. Humana conducts business throughout the U.S. including in this district.

**JURISDICTION AND VENUE**

3. This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

4. This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because Defendant resides in this District, and the wrongful conduct giving rise to this case was directed from this District to the Plaintiff residing in this District.

## INTRODUCTION

5. As the Supreme Court recently explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

6. The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using … an artificial or pre-recorded voice…to any telephone number assigned to a…cellular telephone service." *See* 47 U.S.C. §227 (b)(1)(A)(iii).

7. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, pre-recorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

2

8.      While "prior express consent" is required for all pre-recorded calls, in 2013, the FCC required "prior express written consent" for all such telemarketing calls to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e. that the consumer will receive future calls that deliver pre-recorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement must be executed as a condition of purchasing any good or service.[]"

*In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

9.      "Telemarketing" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 C.F.R §64.1200(f)(12).

10.     When Congress enacted the TCPA in 1991, it found that telemarketers called more than 18 million Americans every day. 105 Stat. 2394 at § 2(3).

11.     By 2003, due to more powerful autodialing technology, telemarketers were calling 104 million Americans every day. In re Rules and Regulations Implementing the TCPA of 1991, 18 FCC Rcd. 14014, ¶¶ 2, 8 (2003).

12.     The problems Congress identified when it enacted the TCPA have only grown exponentially in recent years.

13.     Industry data shows that the number of robocalls made each month increased from 831 million in September 2015 to 4.7 billion in December 2018—a 466% increase in three years.

14. According to online robocall tracking service "YouMail," 3.9 billion robocalls were placed in January 2022 alone, at a rate of 126.3 million per day. www.robocallindex.com (last visited February 8, 2022).

15. "Robocalls and telemarketing calls are currently the number one source of consumer complaints at the FCC." Tom Wheeler, *Cutting off Robocalls* (July 22, 2016), statement of FCC chairman.[1]

16. "The FTC receives more complains about unwanted calls than all other complaints combined." Staff of the Federal Trade Commission's Bureau of Consumer Protection, *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Notice of Proposed Rulemaking, CG Docket No. 02-278, at 2 (2016).[2]

## COMMON ALLEGATIONS

17. Humana provides healthcare products and services to consumers.[3]

18. Defendant Humana uses telemarketing and cold calling to solicit their products and services to consumers across the country.

19. Defendant Humana places such telemarketing calls without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls, as in the Plaintiff's case.

20. The Federal Communication Commission has instructed that corporations such as Humana may not avoid liability by having their telemarketing outsourced:

---

[1] https://www.fcc.gov/news-events/blog/2016/07/22/cutting-robocalls
[2] https://www.ftc.gov/system/files/documents/advocacy_documents/comment-staff-ftc-bureau-consumer-protection-federal-communications-commission-rules-regulations/160616robocallscomment.pdf
[3] https://www.linkedin.com/company/humana/about/

4

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activties to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as if often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC notes, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules, 28 FCC Rcd. 6574, at ¶ 37 (201) ("FCC 2013 Ruling") (citations omitted).*

21. Numerous consumers have posted complaints about unwanted calls they received from or on behalf of Humana, similar to the calls received by the Plaintiff:

- "Humana annoying repetitive call" [4]
- "Just adding this in case Humana reads it. I don't want to use this prescription service. I didn't want to when I told you six months ago and I don't want to in the 20+ times you've called since then. I'm a chronically sick person. Stop making my phone ring. Please!" [5]
- "Humana calls me at least three times a day. I have their number blocked, but somehow, they can leave a voicemail. I'm so frickin sick of this. They will not leave me alone" [6]

## PLAINTIFF TAUBER'S ALLEGATIONS

22. In or around September 2021, Plaintiff received multiple calls to his cellular telephone number from or on behalf of Humana every week soliciting Humana's Pharmacy services to the Plaintiff.

23. On September 20, 2021, at 12:23 PM, Plaintiff received another such call to his cell phone from Defendant Humana using the phone number 302-927-3338. Plaintiff did not answer this call and called it back. Plaintiff spoke to an employee of Defendant Humana who identified

---

[4] https://www.shouldianswer.com/phone-number/3029273338
[5] https://www.shouldianswer.com/phone-number/8447230844
[6] https://www.reddit.com/r/Advice/comments/59jnx9/how_do_i_stop_humana_from_calling_me_constantly/

5

herself as Desiree, who noted the Plaintiff's complaint regarding the unwanted calls and provided him a reference number for the complaint.



24.     In response to the Plaintiff's complaint, Humana sent a letter to the Plaintiff dated 10/8/2021, acknowledging the Plaintiff's complaint and confirming that Plaintiff had been "added to the Humana Pharmacy Refill Concierge and Pharmacy Call Campaigns do-not-call list on 9/27/2021":



6

25. Any consent that Humana claims to have had to call the Plaintiff to solicit their Pharmacy services, was expressly revoked by the Plaintiff. But despite making an Internal Do-Not-Call request to the Defendant on September 20, 2021, Plaintiff continued to receive pre-recorded calls from and/or on behalf of Defendant.

26. Plaintiff received the following calls with pre-recorded voicemails from and/or on behalf of the Defendant using the phone number 302-927-3338, soliciting their Pharmacy services, to his cell phone:

- On October 9, 2021, at 2:29 PM, and left the following pre-recorded voicemail to the client's phone which was recorded in an automated voice, and said: "Hello, this is Humana calling for Steven Tauber. We'd like to share some important information because this is important. We may call you back later today. You can call us back toll free at 1-844-723-0844. TTY users should call 711. Again, the number is 1-844-723-0844. Thank you and have a good day. Goodbye."
- On October 11, 2021, at 12:29 PM, left an identical pre-recorded voicemail as the last one, which stated: "Hello, this is Humana calling for Steven Tauber. We'd like to share some important information because this is important. We may call you back later today. You can call us back toll free at 1-844-723-0844. TTY users should call 711. Again, the number is 1-844-723-0844. Thank you and have a good day. Goodbye."
- On October 11, 2021, at 7:53 PM, left another pre-recorded voicemail similar to the previous ones, which stated: "Hello, this is Humana calling for Steven Tauber. We're reaching out again because we have some important information about refilling your prescription. It's important that we hear from you so please call us back as soon as you can. We're available toll free at 1-844-723-0844. TTY users should call 711. Again, the number is 1-844-723-0844. Thank you and have a good evening. Goodbye."
- On October 12, 2021, at 6:31 PM.

27. On calling this phone number, 302-927-3338, it is answered by an automated voice message identifying Defendant Humana.

28. Seeking redress for these injuries, Plaintiff Tauber, on behalf of himself and Classes of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited prerecorded and other telemarketing calls to cellular telephones without their consent.

7

## CLASS ALLEGATIONS

29. Plaintiff Tauber brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) and seeks certification of the following Classes:

**Internal Do Not Call Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called more than one time (2) within any 12-month period (3) for substantially the same reason Defendant called Plaintiff (4) including at least once after the person requested that Defendant or its agent to stop calling.

**Pre-recorded No Consent Class:** All persons in the United States who from four years prior to the filing of this action through class certification (1) Defendant (or an agent acting on behalf of Defendant) called on their cellular telephone number (2) using a pre-recorded voice message, (3) for the same purpose the Plaintiff was called.

30. The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff Tauber anticipates the need to amend the Class definitions following appropriate discovery.

31. **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

32. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff Tauber and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

8

(a) whether Defendant placed pre-recorded voice message calls to Plaintiff Tauber and members of the Pre-recorded No Consent Class;

(b) whether the calls to Plaintiff and other class members were made for telemarketing purposes;

(c) whether the calls to Plaintiff and other class members were made without the requisite consent;

(d) whether the calls violated the TCPA;

(e) whether Defendant is vicariously liable for the calls; and

(e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

33. **Adequate Representation**: Plaintiff Tauber will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff Tauber has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff Tauber and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff Tauber nor his counsel have any interest adverse to the Classes.

34. **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Classes as wholes, not on facts or law applicable only to Plaintiff Tauber. Additionally, the

damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

## FIRST CLAIM FOR RELIEF
### Telephone Consumer Protection Act
### (Violation of 47 U.S.C. § 227)
### (On Behalf of Plaintiff and the Internal Do Not Registry Class)

35. Plaintiff Tauber repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

36. Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the

10

person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

37. Defendant or their agents made marketing calls to Plaintiff and members of the Internal Do Not Call Class without implementing internal procedures for maintaining a list of persons who request not to be called by the entity and/or by implementing procedures that do not meet the minimum requirements to allow Defendant to initiate telemarketing calls.

38. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

39. Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal Do Not Call Class are each entitled to up to $1,500 per violation.

**SECOND CLAIM FOR RELIEF**
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Tauber and the Pre-recorded No Consent Class)**

40. Plaintiff Tauber repeats and realleges paragraphs 1 through 34 of this Complaint and incorporates them by reference.

41. Defendant and/or its agents transmitted unwanted solicitation telephone calls to Plaintiff Tauber and the other members of the Pre-recorded No Consent Class using a pre-recorded voice message.

42. These pre-recorded voice calls were made *en masse* without the prior express consent of the Plaintiff Tauber and the other members of the Pre-recorded No Consent Class.

43. Defendant has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant's conduct, Plaintiff Tauber and the other members of the Pre-recorded No Consent Class are each entitled to a minimum of $500 in damages, and up to $1,500 in damages, for each violation.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tauber individually and on behalf of the Classes, prays for the following relief:

    a. An order certifying this case as a class action on behalf of the Classes as defined above; appointing Plaintiff Tauber as the representative of the Classes; and appointing his attorneys as Class Counsel;

    b. An award of actual and/or statutory damages and costs;

    c. An order declaring that Defendant's actions, as set out above, violate the TCPA;

    d. An injunction requiring Defendant to cease all unsolicited calling activity, and to otherwise protect the interests of the Classes; and

    e. Such further and other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff Tauber requests a jury trial.

Respectfully Submitted,

**STEVEN M. TAUBER**, individually and on behalf of those similarly situated individuals,

DATED this 8th day of February, 2022.

By: /s/ Stefan Coleman
Stefan Coleman (FL Bar no. 30188)
law@stefancoleman.com
LAW OFFICES OF STEFAN COLEMAN, P.A.
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427

Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Attorneys for Plaintiff and the putative Classes*